IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SENTRY INSURANCE COMPANY f/k/a SENTRY INSURANCE A MUTUAL COMPANY a/s/o Kanson Electronics, Inc. 1800 North Point Drive Stevens Point, Wisconsin 54481<br><br>Plaintiff,<br><br>v.<br><br>THE INDUSTRIAL DEVELOPMENT BOARD OF THE CITY OF HOHENWALD, TENNESSEE 118 W. Linden Avenue Hohenwald, Tennessee 38462<br><br>Defendant. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff, Sentry Insurance Company f/k/a Sentry Insurance a Mutual Company as subrogee of Kanson Electronics, Inc., by and through its undersigned counsel, and states by way of Complaint against The Industrial Development Board of the City of Hohenwald, Tennessee as follows:

## PARTIES

1. Plaintiff, Sentry Insurance Company f/k/a Sentry Insurance a Mutual Company as subrogee of Kanson Electronics, Inc. (hereinafter, "Sentry" and/or "Plaintiff"), is an insurance company organized and existing under the laws of the State of Wisconsin with its principal place of business located in Stevens Point, Wisconsin.

2. At all times relevant hereto, Sentry was authorized to issue and administer insurance policies in the State of Tennessee.

1

3. Defendant, The Industrial Development Board of the City of Hohenwald, Tennessee (hereinafter, "IDB") is a nonprofit corporation organized and existing under the laws of the State of Tennessee with its principal place of business located at 118 W. Linden Avenue, Hohenwald, Tennessee.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332, as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Middle District of Tennessee.

## GENERAL ALLEGATIONS

6. At all times relevant hereto, Plaintiff's insured, Kanson Electronics, Inc. (hereinafter "Kanson" and/or "Plaintiff's Insured") was a tenant in a property owned by the IDB, located at 245 Forrest Avenue, Hohenwald, Tennessee (hereinafter, the "Property").

7. At all times relevant hereto, Sentry provided insured to Kanson pursuant to a policy of insurance, Policy Number 2553746001 (hereinafter, the "Policy").

8. On or about November 20, 2012, Kanson entered into a lease agreement with the IDB to lease the Property for a term of 20 years (hereinafter, the "Lease"). *See*, IDB/Kanson Electronics, Inc. Lease Agreement, attached hereto as Exhibit "1".

9. Per the terms of the Lease, the IDB agreed that "Exterior building maintenance and non-building improvements, such as, but not limited to; sidewalks, parking lots, sidewalls, porches, etc…and major systems serving the leased premises, such as, but not limited to; HVAC, plumbing, electrical, etc… will be the responsibility of IDB; these items include, but shall not be

limited to, the roof, walls, doors, windows, foundation, and/or any fixed asset of the building to keep the structure in compliance with local ordinances or codes…" Lease at p. 2 ¶ h.

10. Prior to January 11, 2020, the IDB allowed the roof of the Property to fall into a state of disrepair.

11. Prior to January 11, 2020, the IDB allowed the roof of the Property to suffer water intrusion.

12. Prior to January 11, 2020, the IDB allowed the electrical system at the Property to fall into a state of disrepair.

13. On or about January 11, 2020, rainwater leaked through the roof of the Property onto electrical components within the Property, causing a fire (hereinafter, the "Fire").

14. The Fire spread to nearby combustibles causing fire, smoke, and water damage throughout the Property.

15. As a direct and proximate result of the Fire, Kanson sustained damages in excess of $75,000.00.

16. As a result of the January 11, 2020 Fire, and pursuant to terms and conditions of the Policy, Sentry made payments to, or on behalf of, its insured in excess of $75,000.00.

17. As a result of the payments made to, or on behalf of, its Insured, and pursuant to the terms and conditions of the Policy, Plaintiff, Sentry, is legally, equitably and contractually subrogated to the rights of its Insured to the extent of its payments.

## **COUNT I - NEGLIGENCE**

18. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein at length.

19. At all times relevant hereto, Defendant, IDB had a duty to exercise reasonable care in connection with its ownership of the Property.

20. At all times relevant hereto, Defendant, IDB had a duty to exercise reasonable care in connection with its maintenance, inspection, and/or repair of the Property.

21. The Defendant breached the duties owed to Plaintiff's Insured because they failed to exercise reasonable care in their ownership, inspection, maintenance, and/or repair of the Property.

22. The January 11, 2020 Fire and resulting damages were the direct and proximate result of negligence, carelessness and/or negligent acts and/or omissions of Defendant, IDB.

23. As a direct and proximate result of the negligent conduct of the Defendant, Plaintiff's Insured sustained substantial fire, smoke, and water damage, to its property as well as other losses for which Kanson was compensated by Sentry.

24. As a result of the payments made to its Insured, and pursuant to the terms and conditions of the Policy, Plaintiff, Sentry, is legally, equitably and contractually subrogated to the rights of its Insured to the extent of its payments.

WHEREFORE, Plaintiff, Sentry Insurance Company f/k/a Sentry Insurance a Mutual Company as subrogee of Kanson Electronics, Inc., demands judgment in its favor and against Defendant, The Industrial Development Board of the City of Hohenwald, Tennessee, on Count I of the Complaint for compensatory damages in excess of $75,000.00, together with interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

25. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein at length.

26. Plaintiff's Insured entered into a written lease agreement with Defendant, which obligated Defendant to maintain certain parts of the Property.

27. As part of the Lease, Defendant was responsible for building maintenance to the roof and the electrical system of the Property.

28. Plaintiff's Insured performed all required conditions precedent under the Lease.

29. Defendant, IDB breached their contract with Plaintiff's Insured by failing to provide building maintenance for the roof and electrical systems in a good and workmanlike manner and/or for providing these services in a negligent, careless and reckless manner.

30. The Defendant's breach of contract was the direct and proximate cause of the January 11, 2020 Fire and the losses sustained by Plaintiff's Insured.

31. As a direct and proximate result of the Defendant's breach of contract, Plaintiff's Insured suffered significant damage to its property and suffered other losses for which it was compensated by Sentry in excess of $75,000.00.

32. As a result of the payments made to its Insured, and pursuant to the terms and conditions of the Policy, Plaintiff, Sentry, is legally, equitably and contractually subrogated to the rights of its Insured to the extent of its payments.

WHEREFORE, Plaintiff, Sentry Insurance Company f/k/a Sentry Insurance a Mutual Company as subrogee of Kanson Electronics, Inc., demands judgment in its favor and against Defendant, The Industrial Development Board of the City of Hohenwald, Tennessee, on Count II of the Complaint for compensatory damages in the amount of $75,000.00, together with interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, Sentry Insurance Company f/k/a Sentry Insurance a Mutual Company as subrogee of Kanson Electronics, Inc., hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

/s/ Gail Vaughn Ashworth
Gail Vaughn Ashworth, #10656
**WISEMAN ASHWORTH LAW GROUP PLC**
511 Union Street
Suite 800
Nashville, TN 37219-1743
Phone: (615) 254-1877
Fax:    (615) 254-1878
Email: gail@wisemanashworth.com

Attorneys for Plaintiff, Sentry Insurance Company
f/k/a Sentry Insurance a Mutual Company